UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CIPRIANO ALVARADO CALDERON, | ) | 1:05-cv-01106-LJO-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER REQUIRING RESPONDENT TO FILE RESPONSE TO PETITION |
| | ) | |
| v. | ) | ORDER SETTING BRIEFING SCHEDULE |
| | ) | |
| A.P. KANE, | ) | ORDER DIRECTING CLERK OF COURT TO SERVE DOCUMENTS |
| | ) | |
| Respondent. | ) | |

     Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

     Petitioner filed his Petition on August 30, 2005. (Doc. 1). The Court has conducted a preliminary review of the Petition. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases and Rule 16 of the Federal Rules of Civil Procedure,[1] the Court HEREBY ORDERS:

1)     Respondent SHALL FILE a RESPONSE. A Response can be made by filing one of the following:

     A.     AN ANSWER addressing the merits of the Petition and due within **NINETY (90)** days of the *date of service* of this order. Rule 4, Rules Governing Section 2254 Cases; <u>Cluchette v. Rushen</u>, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing an Answer.).

---

[1] The Federal Rules of Civil Procedure are "applicable to habeas corpus proceedings to the extent that the practice in such proceedings are not set forth in the statutes of the United States and has heretofore conformed to the practice of civil actions." Fed.R.Civ.P. 81(a)(2). Rule 11 also provides "the Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to the petitions filed under these rules." Rule 11, Rules Governing Section 2254 Cases.

- Respondent SHALL INCLUDE with the Answer any and all transcripts or other documents necessary for the resolution of the issues presented in the Petition. Rule 5 of the Rules Governing Section 2254 Cases.

- Any argument by Respondent that Petitioner has *procedurally defaulted* a claim(s) SHALL BE MADE in an ANSWER that also addresses the merits of the claims asserted. This is to enable the Court to determine whether Petitioner meets an exception to procedural default. See Paradis v. Arave, 130 F.3d 385, 396 (9th Cir. 1997) (Procedurally defaulted claims may be reviewed on the merits to serve the ends of justice); Jones v. Delo, 56 F.3d 878 (8th Cir. 1995) (the answer to the question that it is more likely than not that no reasonable juror fairly considering all the evidence, including the new evidence, would have found Petitioner guilty beyond a reasonable doubt necessarily requires a review of the merits).

- Petitioner's TRAVERSE, if any, is due **THIRTY (30)** days from the date Respondent's Answer is filed with the Court.

B. A MOTION TO DISMISS due within **SIXTY(60)** days of the *date of service* of this order based on the following grounds:[2]

   i. EXHAUSTION - 28 U.S.C. § 2254(b)(1). A Motion to Dismiss for Petitioner's failure to exhaust state court remedies SHALL INCLUDE copies of all the Petitioner's state court filings and dispositive rulings so as to allow the Court to examine the limitations issue. See Ford v. Hubbard, 305 F.3d 875 (9th Cir. 2002); Kelly v. Small, 315 F.3d 1063

---

[2] Rule 4 of the Rules Governing Section 2254 Cases provides that upon the court's determination that summary dismissal is inappropriate, the "judge shall order the respondent to file an answer or *other pleading . . . or to take such other action as the judge deems appropriate*." Rule 4, Rules Governing Section 2254 Cases (emphasis added); see, also, Advisory Committee Notes to Rule 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the Attorney General may file a Motion to Dismiss for failure to exhaust.); also, White v. Lewis, 874 F.2d 599, 60203 (9th Cir.1989) (providing that Motions to Dismiss pursuant to Rule 4 are proper in a federal habeas proceeding.)

1                     (9th Cir. 2003);

2           ii.     STATUTE OF LIMITATIONS - 28 U.S.C. § 2244(d)(1). A Motion to

3                   Dismiss the Petition as filed beyond the one year limitations period

4                   SHALL INCLUDE copies of all Petitioner's state court filings and

5                   dispositive rulings.

6           iii.    SECOND OR SUCCESSIVE Petitions - 28 U.S.C. § 2244(b). A

7                   Motion to Dismiss the Petition on the basis of § 2244(b) SHALL

8                   include a copy of the previously filed federal Petition and disposition

9                   thereof.

10     2.    OPPOSITIONS to Motions to Dismiss SHALL be served and filed within

11           EIGHTEEN (18) days, plus three days for mailing. All other Oppositions SHALL be

12           served and filed within EIGHT (8) days, plus three days for mailing. REPLIES to

13           Oppositions to Motions to Dismiss SHALL be served and filed within eight (8) days,

14           plus three days for mailing. Replies to Oppositions to all other Motions SHALL be

15           served and filed within eight (8) days, plus three days for mailing. If no opposition is

16           filed, all motions are deemed submitted at the expiration of the opposition period.

17     3.    Unless already submitted, both Respondent and Petitioner SHALL COMPLETE and

18           RETURN to the Court along with the Response or Motion to Dismiss, a Consent

19           form indicating whether the party consents or declines to consent to the jurisdiction of

20           a the United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c)(1).

21     4.    RESPONDENT SHALL submit a Notice of Appearance as attorney of record within

22           **SIXTY (60)** days of the date of service of this order for purposes of service of court

23           orders. See, Local Rule 83-182(a), 5-135(c).

24     5.    The Clerk of the Court is DIRECTED to SERVE a copy of this order along with a

25           copy of the PETITION (Doc. 1), and any exhibits/attachments, on the Attorney

26           General or his representative.

27 ///

28 ///

1 All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.  Local Rule 78-230(h).  All provisions of Local Rule 11-110 are applicable to this order.

IT IS SO ORDERED.

Dated:   **March 14, 2007**                                                      **/s/ Theresa A. Goldner**
**j6eb3d**                                                                                  UNITED STATES MAGISTRATE JUDGE