UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIPRIANO ALVARADO CALDERON,<br><br>          Petitioner,<br><br>    v.<br><br>A. P. KANE,<br><br>          Respondent. | 1:05-cv-01106-LJO-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS<br>ON RESPONDENT'S MOTION<br>TO DISMISS THE PETITION (Doc. 11)<br><br>ORDER DIRECTING OBJECTIONS TO BE<br>FILED WITHIN ELEVEN DAYS |

PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on August 30, 2005. (Doc. 1). On May 11, 2007, Respondent filed the instant motion to dismiss. (Doc. 11).

DISCUSSION

A. Procedural Grounds for Motion to Dismiss

On May 11, 2007, Respondent filed a motion to dismiss the instant petition as being filed outside the one-year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

1

state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one year limitation period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 326, 117 S.Ct. 2059 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320. The instant petition was filed on August 30, 2005, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, Petitioner's petition for review was denied by the California Supreme Court on March 20, 2002. (Lodged Document ("LD") 2). Thus, direct review would conclude on June 19, 2002, when the ninety day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887, 103 S. Ct. 3383 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would have one year from June 19, 2002, or until June 19, 2003, absent applicable tolling, within which to file his federal petition for writ of habeas corpus. As mentioned, Petitioner filed this petition on August 30, 2005, twenty-six months after the one-year period expired. Thus, unless Petitioner is entitled to statutory or equitable tolling sufficient to make his petition timely, the petition must be dismissed.

C.  Tolling of the Limitations Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).[1] The Court

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at 1005. However, the limitations period is not tolled for the time such an application is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181-182 , 121 S. Ct. 2120 (2001).

Here, Respondent's lodged documents establish that Petitioner filed the following state court habeas petitions: (1) petition filed in the Firth District Court of Appeal ("5th DCA") on February 5, 2003,[2] and denied on March 7, 2003; (2) petition filed in the Kern County Superior Court on April 8, 2003, and denied on May 15, 2003; (3) petition filed in the 5th DCA on June 20, 2003 and denied on April 30, 2004; and (4) petition filed in the California Supreme Court on June 18, 2004 and denied on May 18, 2005. (LD 3-10).

Respondent contends that the foregoing chronology establishes that the instant petition was untimely. (Doc. 11). Respondent concedes that the "round" of state habeas petitions beginning with the second petition, filed in the Kern County Superior Court on April 8, 2003, through the California Supreme Court's denial of Petitioner's state petition on May 18, 2005, were properly filed and therefore Petitioner is entitled to tolling during that time period. Respondent, however, contends that Petitioner is not entitled to tolling during the pendency of his first petition, and is not entitled to tolling for the interval following that first petition. Respondent's reasoning is that, because the first state petition was denied by the 5th DCA on the ground that Petitioner "failed to exhaust his remedy of filing a petition for writ of habeas corpus in the trial court," (LD 4), it was not "properly filed" under AEDPA and therefore not entitled to tolling. (Doc. 11, p. 4). Moreover, because the interval

---

[2] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276. 108 S.Ct. 2379 (1988). This "mailbox rule" is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Court will employ the "mailbox rule" here in calculating the tolling dates; thus, the Court will refer to the actual dates Petitioner mailed his various state and federal petitions for habeas relief, rather than to the dates indicated by the courts' stamps, which are presumably the dates on which the documents were actually received by the courts. Respondent has provided a copy of Petitioner's prison mail log that adequately establishes the dates on which Petitioner handed his documents to prison authorities for filing. (LD 11).

between the first and second petition was not the result of Petitioner proceeding from a lower to a higher court, he is not entitled to tolling for that interval either. When the two periods are excluded from tolling, the one-year period expired on July 30, 2005, thus making the instant petition untimely by 29 days. (Id. at p. 7).

After carefully considering the issue and the facts now in the record, the Court disagrees with Respondent that the period during which the first state petition was pending was not entitled to tolling. Because that period of pendency is sufficient to make the instant petition timely, the Court need not decide whether the interval between the first and second petitions is entitled to tolling, since it would have no effect on the outcome of the instant motion to dismiss.

Respondent correctly submits that to be "properly filed," the application must be delivered and accepted by an appropriate court officer. Artuz v. Bennett, 531 U.S. 7, 8, 121 S.Ct. 361 (2000). (Doc. 11, p. 4). Respondent is also correct that a "state post-conviction petition which has been denied for failing to comply with 'a condition to filing, as opposed to a condition to obtaining relief,' is not 'properly filed' application under 28 U.S.C. 2244(d)(2)." (Id.). Respondent also correctly points out that a petition is not "properly filed" under the AEDPA when it is filed in the wrong court. (Id.).

None of these undisputed legal principles, however, are applicable here. The 5th DCA denied the first petition without prejudice and indicated that Petitioner should exhaust his remedies by filing first in the California Superior Court. (LD 4). The 5th DCA's ruling did not indicate that the petition was improperly filed in the Court of Appeal. The 5th DCA had original jurisdiction to hear the petition, even though the petition had not previously been filed in the Superior Court; hence, the petition was properly before the 5th DCA. Cal. Constitution Art. VI, § 10; In re Steele, 32 Cal.4th 682, 692, 85 P.3d 444 (2004).[3]

---

[3] Art. VI, § 10 of the California Constitution provides that the "Supreme Court, courts of appeal, superior courts, and their judges have original jurisdiction in habeas corpus proceedings." A Court of Appeal has "discretion to deny without prejudice a habeas corpus petition that was not filed first in a proper lower court" (i.e., in a Superior Court), but the Court of Appeal need not do so. Steele, 32 Cal.4th at 692. Also, the Court of Appeal "has discretion to refuse to issue...[a writ of habeas corpus] as an exercise of original jurisdiction on the ground that the application has not been made...in a lower court" in the first place where there "is no showing in the petition that any extraordinary reason exists for action by...[the Court of Appeal], rather than by the Superior Court..." Application of Hillery, 202 Cal.App.2d 293, 294, 20 Cal.Rptr. 759 (1962).

5

1    Petitioner's state habeas petition was delivered to and accepted by an appropriate court
2 officer at the 5th DCA.  It was not denied for failing to comply with a condition of filing.  Nor was it
3 filed in the "wrong court," because, as discussed above, all California courts have original
4 jurisdiction to entertain such petitions.   The 5th DCA filed the petition, gave Petitioner a case
5 number, considered his petition, and, approximately one month later, denied the petition by
6 exercising its discretion to require Petitioner to first apply to the Superior Court for relief.

7    In support of his reasoning, Respondent cites an unpublished decision of this Court, Hill v.
8 Yates, 2006 WL 224419 (E.D. Cal. 2006), which in turn relied upon Application of Hillery, 202
9 Cal.App.2d 293, 20 Cal.Rptr. 759 (1962),  in reaching the conclusion that Respondent now urges this
10 Court to adopt, i.e., that an initial state habeas petition filed in the Court of Appeal and dismissed
11 without prejudice to filing in the Superior Court, is not entitled to tolling.  After carefully reviewing
12 Hill and Hillery, the Court believes that Respondent's reliance on these cases is misplaced.  As
13 mentioned, Hillery held that a California Court of Appeal has discretion to refuse to issue a writ of
14 habeas corpus as an exercise of original jurisdiction on the ground that application has not been
15 made in a lower court in the first instance, where there is no showing in the petition that any
16 extraordinary reason exists for action by the Court of Appeal rather than by the Superior Court.
17 However, Hillery was decided over forty years ago, long before the enactment of the AEDPA and its
18 one-year statute of limitations; therefore, the holding sheds no light on the possible effect of the 5th
19 DCA's denial of the first petition on the running of the AEDPA's one-year limitations period.

20    Hill was decided two years ago in this district. In relying on Hillery, the Hill holding, if
21 followed, essentially requires that, whenever a state court habeas petition is filed in a court other than
22 the trial court in the first instance, and is thereafter denied through the higher court's exercise of
23 discretion to refuse to entertain the petition unless the petitioner has first applied to the lower court,
24 the petition is not entitled to tolling.  A reading of Hill leads to two possible bases for that Court's
25 decision to deny tolling, i.e., either the petitioner was deemed to have filed his petition in the "wrong
26 court," or else the petition's "delivery and acceptance" were not "in compliance with the applicable
27 laws and rules governing filings."  Artuz, 531 U.S. at 9.
28 ///

6

First, it is difficult to conceive how a petitioner could file a state petition in the wrong state court when the California Constitution confers on all state courts the original jurisdiction over habeas petitions. It is undisputed here that the 5th DCA had original jurisdiction to consider Petitioner's first petition. This conclusion is not altered by the fact that the California Courts of Appeal and the California Supreme Court also retain discretion to deny a petition and refer it to the lower state court. Were the state appellate courts' exercise of such discretion determinative of whether an application was "properly filed" under the AEDPA, California's unique system of original habeas jurisdiction, already confusing for purposes of the AEDPA statute of limitations, would be even more unpredictable and chaotic. If, for example, the 5th DCA entertained two habeas petitions simultaneously, each filed initially in the Court of Appeal, and determined from the allegations therein that one alleged sufficient extraordinary circumstances to justify retaining it, while the other petition did not and must be referred to the lower court, then, under the reasoning of Respondent and Hill, the former would be deemed properly filed under the AEDPA and entitled to tolling, while the latter would not. Certainly, Congress could not have intended such an arbitrary result in the application of the AEDPA's tolling provisions. Nothing in the AEDPA suggests that its tolling provisions are intended to apply only to state habeas petitions that contain "extraordinary reasons" justifying retention by an appellate court, but are inapplicable to those that do not.

Second, the United States Supreme Court has instructed that a petition is "filed" when it is "delivered to, and accepted by, the appropriate court officer for placement into the official record." Artuz, 531 U.S. at 8. There seems to be no question that Petitioner's first petition was "filed" by the 5th DCA, within the meaning of Artuz. Moreover, an application is "*properly*" filed when the actual "delivery and acceptance" of Petitioner's first petition was in compliance with the "applicable laws and rules governing filings." Id. Here, an authorized representative of the 5th DCA accepted the document, filed it, assigned it a case number, and, in the normal course of events, the appellate court considered and denied the petition. Id. Here again, the 5th DCA's exercise of discretion to send a first petition back to the superior court does not signify that Petitioner had not complied with the applicable rules and law "governing filings." Respondent's argument would essentially have the Court equate the denial of an application for failure to exhaust remedies with failure to comply with

7

applicable rules and laws governing filings.  This the Court declines to do.

The United States Supreme Court has held that the existence of a procedural bar is a question quite distinct from whether or not the state application was "properly filed" for tolling purposes. Artuz, 531 U.S. at 11 (distinguishing between "a condition to filing" which is a requisite for an application to be properly filed and "a condition to obtaining relief," which is normally implicated by the assertion of a procedural bar).  The Ninth Circuit has held that applications denied by state courts with a citation to a case recognized as indicating a procedural default are "properly filed" within the meaning of AEDPA. E.g., Gaston v. Palmer, 417 F.3d 1030, 1034, 1039 (9th Cir. 2005), withdrawn, 417 F.3d 1050, modified by 447 F.3d 1165 (9th Cir. 2006), cert. denied, Gaston v. Palmer, 127 S.Ct. 979 (2007) (The California Supreme Court's denial with a citation to In re Swain, 34 Cal.2d 300, 304, 209 P.2d 793 (1949), which articulates the procedural requirements that a California habeas petitioner allege with particularity the facts supporting his claims and explain and justify the delay in the presentation of the claims, is a denial based on a fact-related deficiency, either as a matter of pleading of the facts or of presentation of the record from which the facts could be ascertained, and absent an indication from the court that the application was "improperly filed," the application which results in such a denial and citation  is considered properly filed within the meaning of the AEDPA).

Apart from the obvious defects in proper filing--i.e., filing in the wrong court, improper form of the document, failure to pay the filing fee, failure to deliver to the appropriate personnel at the court--the other significant area in which a defect in filing may result in a denial of tolling is where the state court deems the petition untimely. Pace v. DiGuglielmo, 544 U.S. 408, 417, 125 S.Ct. 1807 (2005); Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005)(petition dismissed as untimely by California court is not "properly filed" and, in turn, not entitled to statutory tolling under the AEDPA)

In holding that timeliness was more akin to a "filing condition" than to a procedural bar to relief, the majority opinion in Pace stated as follows:

> "For purposes of determining what are 'filing' conditions, there is an obvious distinction between time limits, which go to the very initiation of a petition and a court's ability to consider that petition, and the type of 'rule of decision' procedural bars at issue in Artuz, which go to the ability to obtain relief."

Pace, 544 U.S. at 417.

8

1    Here, the Court considers the 5th DCA's denial on the grounds that Petitioner had not
2 exhausted his remedies by first filing in the Superior Court to be more closely analogous to a
3 procedural bar that denies Petitioner <u>relief</u> than to a dismissal for lack of proper form, failure to pay
4 the filing fee, or untimeliness, all of which go to the proper <u>initiation</u> of the application in the first
5 instance.  There is no published authority directly on point, but there are cases that allow statutory
6 tolling under the AEDPA for initial state habeas petitions filed in the Court of Appeal, rather than the
7 Superior Court.  The reasoning in those cases is persuasive here, for the conclusion that Petitioner's
8 first petition is entitled to tolling.  <u>Chiang v. Iaria</u>, 2007 WL 2127569 *3 (S.D. Cal. July 24, 2007)
9 (petitioner's first habeas petition, made to the California Court of Appeal with two days remaining
10 on the one-year limitation period, and denied without prejudice because it had not first been brought
11 in the superior court, was "properly filed" under AEDPA and thus entitled to tolling); see <u>Gaston v.</u>
12 <u>Palmer</u>, 417 F.3d at 1035-1038, 1047 (petitioner's six state habeas petitions, the first of which was
13 filed in the California Court of Appeal, found to be "properly filed" and entitled to statutory tolling
14 under 28 U.S.C. § 2244(d)(2).  Thus, although the Court appreciates the reasoning in <u>Hill</u>, it
15 respectfully disagrees and concludes that in light of the foregoing, Petitioner's first petition was
16 "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) and therefore Petitioner is entitled to
17 statutory tolling during the pendency of his first petition.

18   Based on the foregoing, and assuming, without deciding, that the one-year period
19 re-commenced on March 8, 2003[4] and continued to run until April 8, 2003, when Petitioner filed his
20 second petition in the Kern County Superior Court, another 30 days of the one-year period had
21 elapsed.  Added to the original 231 days that had run from June 19, 2002 until February 5, 2003, a
22 total of 261 days had then run on the statute of limitation.  Respondent concedes that the limitation
23 period was tolled from April 8, 2003 until May 18, 2005.  However, another 102 days ran between
24 the California Supreme Court's denial of the last petition on May 18, 2005 and the date Petitioner
25 handed his federal petition to prison authorities on August 28, 2005.  Thus, a total of 363 days of the
26 one-year period expired.  The Court therefore concludes that the instant federal habeas petition was

---

[4]In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final.  See <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1247 (9th Cir. 2001) (Citing Rule 6 of the Federal Rules of Civil Procedure).

timely by two days, regardless of whether Petitioner is entitled to additional statutory tolling for the interval between his first and second state petitions.

Because the Court concludes that the petition was timely filed, it necessarily follows that Respondent's motion to dismiss should be denied.

**RECOMMENDATIONS**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss (Doc. 11), be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within eleven (11) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 22, 2008**                    **/s/ Theresa A. Goldner**
                                                UNITED STATES MAGISTRATE JUDGE