UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIPRIANO ALVARADO CALDERON,<br><br>             Petitioner,<br><br>   v.<br><br>A.P. KANE,<br><br>             Respondent. | 1:05-cv-01106-LJO-TAG HC<br><br>ORDER REQUIRING RESPONDENT TO FILE ANSWER TO PETITION<br><br>ORDER SETTING BRIEFING SCHEDULE |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1).

On March 14, 2007, the Court ordered Respondent to file a response to the petition. (Doc. 7). On May 11, 2007, Respondent filed a motion to dismiss in lieu of an answer. (Doc. 11). On February 22, 2008, the Court issued Findings and Recommendations to deny the motion to dismiss. (Doc. 13). The District Judge adopted the Findings and Recommendations on March 12, 2008. (Doc. 16). Accordingly, the Respondent must now file an answer.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases and Rule 16 of the Federal Rules of Civil Procedure,[1] the Court HEREBY ORDERS:

    1)    Respondent SHALL FILE AN ANSWER addressing the merits of the Petition and due within **NINETY (90)** days of the *date of service* of this order. Rule 4, Rules

---

[1] The Federal Rules of Civil Procedure "apply to proceedings for habeas corpus and for quo warranto to the extent that the practice in such proceedings: (A) is not set forth in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases. . .." Fed.R.Civ.P. 81(a)(4)(A). Rule 11 of Rules Governing Section 2254 Cases also provides "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Rule 11, Rules Governing Section 2254 Cases.

Governing Section 2254 Cases; <u>Cluchette v. Rushen</u>, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing an Answer.).

– Respondent SHALL INCLUDE with the Answer any and all transcripts or other documents necessary for the resolution of the issues presented in the Petition. Rule 5 of the Rules Governing Section 2254 Cases.

– Any argument by Respondent that Petitioner has *procedurally defaulted* a claim(s) SHALL BE MADE in an ANSWER that also addresses the merits of the claims asserted. This is to enable the Court to determine whether Petitioner meets an exception to procedural default. <u>See</u>, <u>Paradis v. Arave</u>, 130 F.3d 385, 396 (9th Cir. 1997) (Procedurally defaulted claims may be reviewed on the merits to serve the ends of justice); <u>Jones v. Delo</u>, 56 F.3d 878 (8th Cir. 1995) (the answer to the question that it is more likely than not that no reasonable juror fairly considering all the evidence, including the new evidence, would have found Petitioner guilty beyond a reasonable doubt necessarily requires a review of the merits).

2) Petitioner's TRAVERSE, if any, is due **THIRTY (30)** days from the date Respondent's Answer is filed with the Court.

3) All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 78-230(h). All provisions of Local Rule 11-110 are applicable to this order.

IT IS SO ORDERED.

Dated: **August 7, 2008**          /s/ Theresa A. Goldner
                                   UNITED STATES MAGISTRATE JUDGE

2