# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIPRIANO ALVARADO CALDERON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> A.P. KANE, ) <br> ) <br> Respondent. ) | 1:05-CV-01106 LJO JMD HC <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATION <br> [Doc. #27] <br><br> ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS <br><br> ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Magistrate Judge issued a Findings and Recommendation on December 23, 2008, recommending that the petition for writ of habeas corpus be DENIED with prejudice. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On January 28, 2009, Petitioner filed objections to the Findings and Recommendation. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis. The Court notes that Petitioner is correct that the Magistrate Judge incorrectly dated Respondent's answer as being filed on January 19, 2008. The Court modifies the Magistrate Judge's Findings to reflect that Respondent's answer was filed November 19, 2008 but in all other respects, the Court declines to modify the Findings and Recommendation based on the points raised in the objections.

Petitioner contends that the Magistrate Judge's Findings and Recommendation was biased as

it was filed prior to the filing of Petitioner's traverse.  The Court notes that the screening order in this case set the due date for Petitioner's traverse as thirty days from *the date Respondent's Answer is filed* with the Court.  As Petitioner acknowledged in his objection, Respondent filed his Answer on November 19, 2008.  Consequently, Petitioner's traverse was due to the Court on December 19, 2008, five days prior to when the it was actually filed with the Court.  Even affording Petitioner the advantage of the mailbox rule, the traverse would have been untimely as the it was due two days prior to the date contained on Petitioner's traverse.  (*See* Pet'r Traverse at 12-13).  Despite the untimeliness of the traverse, the Court's review reveals that Petitioner fails to set forth any additional information or arguments that would have altered the Magistrate Judge's Findings and Recommendation.  Petitioner raises the same argument in his traverse as stated in his memorandum of points and authorities.

**Double Jeopardy Claims**

Petitioner contends in his traverse that the sentence enhancement for the use of a firearm is in violation of the constitutional prohibition against double jeopardy as it constitutes the same act or transaction as the murder and child endangerment charges.  Petitioner asserts the same argument in his objections.  As noted in the Findings and Recommendation issued by this Court on December 23, 2008 (hereafter "Findings"), the dispositive inquiry in determining whether the Double Jeopardy Clause has been violated is legislative intent.  Ohio v. Johnson, 467 U.S. 493, 499.  Where the legislature intended to impose multiple punishments and that intent is clear, those punishments are not multiple and therefore do not invoke the Double Jeopardy Clause.  Plascencia v. Alameida, 467 F.3d 1190, 1204 (9th Cir. 2006).  As the Magistrate Judge concluded, California's legislature has clearly intended additional punishments for individuals who commit the murder and child endangerment while using firearms.  Petitioner acknowledges but fails to refute the intent of the legislature in imposing multiple punishments for the act of discharging a firearm in killing a person. (Traverse at 3; Pet. Objections at 4).

As discussed in the Findings, the Ninth Circuit, in *Plascencia*, has held that the language of the § 12022.53(d) was unambiguous in expressing the California legislature's intent that a criminal defendant receive additional punishment for offenses committed with a firearm.  Plascencia, 467

F.3d at 1204.  More importantly, the elements for the offenses of second degree murder and child endangerment are distinct from the firearm enhancement as they require proof of different elements. Contrary to Petitioner's assertion in his traverse, the underlying offenses does not require that Petitioner intentionally discharged a firearm and cause great bodily injury.  As discussed in the Findings, murder and child endangerment do not explicitly include the use of a firearm and may be accomplished through a variety of methods without invoking the use of a firearm.  *See* Cal. Penal Code §§ 187(a)(1) and 273a(a).  Furthermore, a conviction for murder requires that the defendant cause the victim to be killed and child endangerment requires that the defendant cause a child to be placed in a situation where their health is endangered.  Both requirements are distinct from the great bodily harm necessary to convict a defendant for the sentencing enhancement.

In challenging the Respondent's assertion that the crimes of second degree murder and child endangerment can be accomplished without the use of a gun, Petitioner cites to Whalen v. United States, 445 U.S. 684, 694 (1980).  Petitioner's reliance on *Whalen* is mistaken as the Supreme Court held that the legislative intent was not present in that case to authorize consecutive sentences for rape and a killing committed in the course of rape.  Whalen, 445 U.S. at 690-694.  Here, the legislative intent to impose additional punishments for a single criminal transaction clearly exists. Consequently Petitioner's constitutional rights under the Double Jeopardy Clause were not violated by the imposition of a firearm enhancement to the underlying offenses.

**Equal Protection Claim**

Petitioner's traverse and objections challenge Respondent's assertion that California Penal Code § 1170.1(a), mandating the imposition of a subordinate term consisting of one third the middle term prescribed, is inapplicable to indeterminate sentences.  Petitioner does not challenge the classification of his fifteen years-to-life sentence as indeterminate.  Petitioner's traverse cites to subdivision (d) of the statute for the proposition that the California legislature made clarifications to the statute in 2002 that would make § 1170.1(a) applicable to both indeterminate and determinate sentences. (Traverse at 6-7).  Petitioner further states that, "[a]t no time [did] the Legislature exclude the imposition of enhancement as it is required under Penal Code § 1770.1(a) to prisoners who were sentenced to indeterminate terms."  (Traverse at 7).

        The Court notes that acceptance of Petitioner's contention that § 1170.1(a) applies to indeterminate sentences would contradict the California Supreme Court's interpretation of its own state laws. *See* People v. Felix, 22 Cal.4th 651, 656-656 (Cal. 2000). The California Supreme Court has explicitly stated that the provision of § 1170.1(a) are inapplicable to indeterminate sentences. As noted by the Findings, this Court is bound by a state court's interpretation of its own laws. *See* Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir. 2002), *cert. denied*, 537 U.S. 859, 123 S.Ct. 231 (2002), *rehearing denied*, 537 U.S. 1149, 123 S.Ct. 955 (2003); *see also* Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (citing Melugin v. Harmes, 38 F.3d 1478, 1482 (9th Cir. 1994)). Furthermore, Petitioner's assertion in his traverse and his objections that alterations to subdivision (d) mandates the application of subdivision (a) to indeterminate sentences is without merit. The Court notes that subdivision (d) merely requires the court to impose, in addition and consecutive to the underlying sentence, additional terms for applicable enhancements. *See* Cal. Penal Code § 1170.1(d). The statute further mandates the imposition of the middle term for those additional terms. Thus, this provision of the statute does not aid Petitioner as the trial court did impose the middle term. Furthermore, nowhere in the subdivision does there exist language that would support Petitioner's interpretation that subdivision(a) is now applicable to indeterminate sentences. As this change did not impact the California Supreme Court's opinion in *Felix* pertaining to the applicability of the statute to indeterminate sentences, the Court rejects Petitioner's assertion that the state has superceded the state court's opinions.

        **Ineffective Assistance of Counsel Claims**

        In his traverse and his objections, Petitioner sets forth a challenge to Respondent's argument that the evidence Petitioner faults counsel for failing to introduce was irrelevant to Petitioner's provocation defense. Petitioner contends it was relevant as the instances were of provocation committed against Petitioner over a long period of time. These assertions were raised in the original petition and do not alter the Court's findings rejecting this claim as the remoteness in time of these instances and the person who provoked Petitioner were irrelevant to the provocation defense. As noted by Respondent and not refuted by Petitioner, the incidents he faults counsel for failing to introduce occurred eight months prior to the altercation. Petitioner's citation to People v. Berry, 18

Cal.3d 509, 514-516 (Cal. 1976) is also mistaken as Petitioner's situation is clearly distinguishable from *Berry*. In *Berry*, the Supreme Court held that a defendant provoked over a period two weeks leading up to the altercation was entitled to a voluntary manslaughter instruction. Here, Petitioner does not contend that trial counsel failed to solicit a voluntary manslaughter instruction. Furthermore, the evidence Petitioner faults counsel for not eliciting during his testimony was spread out over an eight month period which, as the appellate court found, made the evidence irrelevant for the provocation defense. As the Magistrate Judge's Findings concluded, Petitioner's trial counsel did not prejudice Petitioner's defense by failing to introduce irrelevant evidence, and Petitioner has not raised any contentions in his objections that would alter this finding.

Lastly, Petitioner raises the same arguments in his traverse and objections that were contained in his petition regarding his claims that trial counsel erred in failing to impeach his estranged wife's testimony and failing to call a defense witness. Thus, the Magistrate Judge's Findings and Recommendation is not altered by Petitioner's traverse or his objections.

**Cumulative Error Claim**

In his traverse and objections, Petitioner challenges Respondent's argument that cumulative error is not clearly established federal law and further posits that counsel's errors amount to a failure to subject the prosecution's case to ta meaningful adversarial testing. As stated in the Findings, Petitioner's failure to establish any prejudicial deficiencies in counsel's performance leads the Court to conclude there was no cumulative error as there were no errors to accumulate.

**Certificate of Appealability**

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the

validity of such person's detention pending removal proceedings.

 (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

  (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

  (B) the final order in a proceeding under section 2255.

 (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

 (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued December 23, 2008, is ADOPTED IN FULL;

2. The Petition for Writ of Habeas Corpus is DENIED with prejudice;

3. The Clerk of Court is DIRECTED to enter judgment; and

4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: February 19, 2009   /s/ Lawrence J. O'Neill
              UNITED STATES DISTRICT JUDGE